IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CBT NUGGETS, INC.                              Case No. 6:07-6229-TC

       Plaintiff,                          OPINION AND ORDER

  v.

PC TECH 101, et al.,

       Defendants.

AIKEN, Chief Judge:

    Before the court is plaintiff's motion for default judgment against defendant Dennis Newsome. The motion is granted, in part.

    On August 27, 2007, plaintiff filed suit alleging copyright infringement under the Copyright Act, 17 U.S.C. § 101, et seq. After receiving several extensions of time in which to effectuate service of the summons and complaint, on July 27, 2009, plaintiff filed a notice of voluntary dismissal without prejudice. On April 27, 2012, plaintiff informed the court that it had obtained a "good

1   - OPINION AND ORDER

address" for the defendants and sought to reopen the case. Litchfield Decl. at 2 (doc. 18-1). On May 2, 2012, the motion was allowed and the case reopened. Defendants failed to respond to the complaint, and upon motions of plaintiff, the court issued entries of default. Pursuant to 17 U.S.C. § 504(c), plaintiff now seeks a default judgment of statutory damages in the amount of $1,365,000, as well as attorney fees.

To establish a claim of copyright infringement, plaintiff must show ownership of the copyright and copying by the defendant. Kelly v. Arriba Soft Corp., 336 F.3d 811, 817 (9th Cir. 2003). The complaint establishes these elements in this case, and generally the factual allegations of the complaint are taken as true upon default. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Thus, plaintiff has established that it is entitled to damages under the Copyright Act.

Plaintiff has elected to recover statutory damages. See 17 U.S.C. § 504(c). The court may award statutory damages for each work infringed "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement is committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2).

Plaintiff seeks statutory damages based on DVDs plaintiff ordered and received from defendants in 2007; the DVDs contained 91

2    - OPINION AND ORDER

separate copyrighted products of plaintiff. Tatum Aff. at 2-3. Plaintiff requests damages of $10,000 for each work infringed, for a total of $910,000.00. Plaintiff also seeks enhanced statutory damages of $455,000.00 for Newsome's willful infringement. I decline to award statutory damages based on conduct in 2007.

Significantly, claims for copyright infringement under § 504 must be brought within three years after the copyright violation accrued. See 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."). Here, plaintiff became aware of defendants' infringement in February 2007 and brought suit in August 2007. However, plaintiff voluntarily dismissed its copyright infringement claims in July 2009. Although plaintiff was allowed to reopen the case in May 2012, the voluntary dismissal without prejudice left plaintiff in the same position as though the action had never been brought. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Filing a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. . . . Such a dismissal leaves the parties as though no action had been brought."). Thus, the statute of limitations was not tolled from August 2007 to May 2012, and any claim for damages based on defendant's conduct prior to May 2009 is time-barred. Roley v. New World Pictures, Ltd., 19 F.3d 479, 481-82 (9th Cir. 1994).

3    - OPINION AND ORDER

However, in support of its motion for default judgment, plaintiff presents evidence establishing that Newsome was indicated and convicted on criminal copyrighting charges involving plaintiff's copyrighted works. Specifically, Newsome pled guilty to four counts alleging that, at various times between July 2008 and July 2010, Newsome willfully reproduced and distributed the copyright works of plaintiff and others. Litchfield Aff. Ex. A at 1, 8-20. In particular, the superseding indictment alleges that Newsome copied two of plaintiff's works during 2009 and 2010, within the limitations period. Litchfield Aff. Ex. A at 10-13. Newsome apparently also forfeited $8,555.54, which represented the proceeds either obtained from or traceable to his criminal infringing conduct. Litchfield Aff. Ex. A at 18. Thus, based on the allegations in the complaint and the exhibits supporting plaintiff's motion, I find that defendant willfully infringed two of plaintiff's copyrighted works within the limitations period.

"Statutory damages further 'compensatory and punitive purposes,' and help 'sanction and vindicate the statutory policy of discouraging infringement.'" Dream Games of Az., Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009) (quoting L.A. News Serv. v. Reuters Television Int'l, 149 F.3d 987, 996 (9th Cir. 1998)). The court has wide discretion in awarding damages, "constrained only by the specified maxima and minima" in determining a "just" award Id. (quoting Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332,

4   - OPINION AND ORDER

1336 (9th Cir. 1990)). Factors the court may consider include the nature of the copyright, the circumstances of the infringement, and the plaintiff's conduct during litigation. Id. The court is also mindful of the general policy disfavoring default judgments. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

Here, I find that statutory damages of $20,000 ($10,000 for each work) will compensate plaintiff while meeting the statutory goal of deterrence and punishment. I further find that enhanced statutory damages of $5,000 is sufficient to reflect Newsome's willful conduct. While the criminal conviction establishes that Newsome willfully copied plaintiff's works and the works of others, I find that the lack of evidence regarding the circumstances of the infringement renders inappropriate the amount of damages sought by plaintiff. Notably, Newsome is serving or has served a term of imprisonment and has forfeited profits obtained as a result of his infringing conduct. Newsome does not appear to have greatly profited from his infringing conduct, and plaintiff does not submit evidence of harm to its products, sales, or reputation as a result. Further, the court will allow reasonable attorney fees to compensate plaintiff in pursuing Newsome.

Therefore, I find that $25,000 in statutory damages is sufficient to serve the purposes of the Copyright Act.

///

///

5    - OPINION AND ORDER

CONCLUSION

Accordingly, plaintiff's motion for default judgment (doc. 32) is GRANTED, in part. It is hereby ORDERED that plaintiff shall recover statutory damages totaling $25,000 under 17 U.S.C. § 504(c) and attorney fees incurred in prosecuting this action. Within fourteen days of this order, plaintiff shall submit an affidavit supporting an award of reasonable attorney fees.
IT IS SO ORDERED.
Dated this 12th day of November, 2013.

_____
Ann Aiken
United States District Judge

6    - OPINION AND ORDER