IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CBT NUGGETS, INC.                                   Case No. 6:07-6229-TC

      Plaintiff,                                                           ORDER

   v.

PC TECH 101, et al.,

      Defendants.

AIKEN, Chief Judge:

On November 12, 2013, the court granted plaintiff's motion for default judgment and awarded statutory damages for copyright infringement. The court also instructed plaintiff to submit an affidavit in support of attorney fees. Plaintiff did so and seeks fees in the amount of $14,661.80 and costs in the amount of $730.21.

The court may allow recovery of costs and attorney fees to the prevailing party in an action for copyright infringement. 17 U.S.C.

1     - ORDER

§ 505. As the party seeking fees, plaintiff bears the burden of showing that the fees sought are reasonable. <u>Gates v. Deukmajian</u>, 987 F.2d 1392, 1397 (9th Cir. 1992). Thus, plaintiff must document the hours spent by counsel and provide evidence supporting those hours. <u>Gates</u>, 987 F.2d at 1397.

Consistent with the order on default judgment, I decline to award attorney fees prior to plaintiff's notice of voluntary dismissal and limit fees to those expended after reopening of the case. Further, while I generally find the fees sought and hourly rates reasonable, redactions in the fee affidavit make it difficult for the court to ascertain the reasonableness of certain entries. For example, two entries state, "Consult with J. Tatum re _____" and "Call from Jim Tatum as to _____," with the blank area blacked out. Litchfield Aff. Ex. A at 3, 4. Such fees are disallowed. With respect to costs, I award costs incurred after the reopening of the case and I also allow the original filing fee.

Accordingly, I award fees to plaintiff in the amount of $6,895.50 and costs in the amount of $632.13.

IT IS SO ORDERED.

Dated this 19th day of March, 2014.

_____
Ann Aiken
United States District Judge

2    - ORDER